IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ericsson Inc., and Telefonaktiebolaget LM Ericsson<br><br>         Petitioners,<br><br> v.<br><br>Apple Inc., a/k/a Apple Computer, Inc.<br><br>         Respondent | MISC. NO. _____<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |

**MEMORANDUM OF LAW IN SUPPORT OF ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S
MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR
<u>INTERNATIONAL JUDICIAL ASSISTANCE</u>**

  Petitioners Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), Complainants in *Certain Electronic Devices, Including Wireless Communication Devices, Computers, Tablet Computers, Digital Media Players, and Cameras,* Investigation No. 337-TA-952 before the U.S. International Trade Commission ("ITC"), hereby submit this memorandum in support of its motion for this Court to issue, under its seal and signature, the attached Letter of Request on behalf of Ericsson to the appropriate judicial authority of the Republic of Korea.

  On May 29, 2015, Ericsson moved in the ITC for the Administrative Law Judge to recommend that this Court issue a Letter of Request on behalf of Ericsson to obtain discovery from Melfas Inc. ("Melfas") in the Republic of Korea. On June 11, 2015, Administrative Law Judge David P. Shaw, based on his knowledge of the Investigation, signed an order recommending that the U.S. District Court for the District of Columbia issue the Letter of

Request on behalf of Ericsson. (Exhibit 1 ).  On July 13, 2015, counsel for Ericsson notified Melfas Inc. of its intent to file this motion.

The Letter of Request to Melfas (Exhibit 2) and its certified Korean translation (Exhibit 3) solicits the assistance of the National Court Administration of the Republic of Korea to obtain certain documents and deposition testimony relevant to this Investigation and unobtainable through other means from Melfas for use at the hearing in this Investigation.  Publically available documents show that Melfas may manufacture components of products accused of infringing the patents-in-suit in this Investigation.  More specifically, Melfas likely possesses information relevant to the touch-screen controller in certain accused products.  Further, publically available documents show that Melfas may manufacture components of products for certain of Ericsson's licensees, which support Ericsson's domestic industry allegations in this Investigation, as enumerated in 19 U.S.C. §§ 1337(a)(2) and (a)(3).  Ericsson respectfully requests that the Court issue the attached Letter of Request.

The following documents are attached to this Memorandum:

- **Exhibit 1:** Order No. 8: Granting Ericsson's Motion Seeking Recommendation to the District Court for the District of Columbia to Issue Letter Rogatory (June 11, 2015), signed by Administrative Law Judge David P. Shaw.

- **Exhibit 2:** PROPOSED Letter of Request to Melfas Inc. in English with Attachments A-E (Requests for Production of Documents, Topics for Deposition, Protective Order, Ground Rules, and the Complaint)

- **Exhibit 3:** PROPOSED Letter of Request to Melfas Inc. in Korean with Attachments A-E (Requests for Production of Documents, Topics for Deposition, Protective Order, Ground Rules, and the Complaint)

In support of this Motion, Ericsson respectfully states as follows:

I.  **THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION**

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention").  Both the United States and the Republic of Korea are parties to the Hague Convention.  The United States ratified the Hague Convention on August 8, 1972; the Republic of Korea acceded on December 14, 2009.  *See* Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=82  (last visited June 15, 2015).

The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request.  *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").  Under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the appropriate Central Authority in the language of that Central Authority, which is the National Court Administration of the Republic of Korea.

*See* Republic of Korea Central Authority (Art. 2) and practical information, *available at* http://www.hcch.net/index_en.php?act=authorities.details&aid=846 (last visited June 15, 2015).

Administrative Law Judges have issued such Requests to the District Court for the District of Columbia in other investigations. *See, e.g.*, *Certain Electronic Devices, Including Wireless Communication Devices, Tablet Computers, Media Players, and Televisions, and Components Thereof*, Inv. No. 337-TA-862, Order No. 34 (Apr. 17, 2013) (issuing request to the District Court for the District of Columbia to issue a Letter of Request to Germany); *Certain Electronic Devices, Including Wireless Communication Devices, Tablet Computers, Media Players, and Televisions, and Components Thereof*, Inv. No. 337-TA-862, Order No. 29 (Apr. 4, 2013) (issuing request to the District Court for the District of Columbia to issue a Letter of Request to Sweden); *Certain Mobile Elec. Devices Incorporating Haptics*, Inv. No. 337-TA-834, Order No. 14 (Sept. 17, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to Korea); *Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, Inv. No. 337-TA-808, Order No. 14 (May 13, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to the United Kingdom); *Certain Wireless Devices with 3G Capabilities & Components Thereof*, Inv. No. 337-TA-800, Order No. 12 (Jan. 5, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to Switzerland).

## II. MELFAS IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN THE REPUBLIC OF KOREA

Ericsson seeks foreign discovery from Melfas because Melfas likely possesses documents relevant to this Investigation. Publically available documents show that Melfas may manufacture components of products accused of infringing the patents-in-suit in this Investigation. More specifically, Melfas likely possesses information relevant to the touch-

4

screen controller in certain accused products. Further, publically available documents show that Melfas may manufacture components of products for certain of Ericsson's licensees, which support Ericsson's domestic industry allegations in this Investigation. The Administrative Law Judge had previously granted subpoenas relating to the above material directed towards Melfas USA Inc. However, upon attempted service of the executed subpoenas, Ericsson was made aware that Melfas' U.S.-based operations were no longer in existence, thus necessitating foreign discovery.

### III. THE LETTERS OF REQUEST ARE NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM MELFAS AND CONFORM TO THE REQUIRED PROCEDURAL SAFEGUARDS

The attached Letter of Request should issue for several reasons. The information sought in the document requests and through the requested deposition topics is narrowly tailored to obtain relevant information related to Apple's practice of the asserted patents through Meflas' components. This information bears directly on the issue of infringement and on the issue of domestic industry. The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the knowledgeable witnesses and documents are in the Republic of Korea, which is beyond the Commission's subpoena powers.

Ericsson recognizes that in accordance with Article 23 of the Hague Convention, the Republic of Korea will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents where the Letter of Request is issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries. *See* Declarations, Articles: 4, 8, 16, 17, 23, 33, *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=1057&disp=resdn (last visited on June 15, 2015). Consistent with this reservation, the Letter of Request is narrowly tailored to

obtain relevant information related to Apple's practice of the asserted patents through Melfas' components and bearing directly on the issue of infringement and on the issue of domestic industry. Furthermore, the documents produced pursuant to the Letter of Request would be subject to the Protective Order in this Investigation, attached to the Letter of Request, thereby ensuring that the interests of Melfas are adequately protected.

Ericsson is fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Melfas through a Letter of Request. The necessary steps to receive judicial assistance are:

- Obtain a Letter of Request with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Korean.

- The Letter of Request must include the identities of the parties, the nature of the proceedings, the discovery sought, any special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Conventions. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, *available at* http:/www.hcch.net/upload/actform20e.pdf (last visited June 15, 2015).

- Ericsson must transmit the letter to the National Court Administration of the Republic of Korea, submitted with a Korean translation, for enforcement in a Korean court. The Korean court will serve the requests on Melfas.

## IV.    CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court grant Ericsson's motion and issue Ericsson's Letter of Request to the National Court Administration of the Republic of Korea.

Date:  July 17, 2015

Respectfully submitted,

Andrew R. Sommer
Bar ID# 503034
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Counsel for Complainants Ericsson Inc. and Telefonaktiebolaget LM Ericsson*